■ In the Matter of the Claim of ARTHUR L. COLLINS, Appellant, v CARRIER CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 25, 1977, which disallowed a claim for compensation on the ground that claimant did not sustain an accidental injury. Claimant alleges he received an injury to his right hip on March 9, 1974 while lifting crankshafts onto a skid. He did not report the injury to his supervisor. On Monday, March 11, 1974, he obtained disability benefit forms from an employee named Gladys. On the same day he saw a Dr. McMahon, but did

not tell him about an accident arising in the course of employment. He was referred to a Dr. Sugarman, and was examined by him on April 24, 1974. On or about October 2, 1974, he first mentioned to Dr. Sugarman that the hip injury was due to an accident at work. On October 17, 1974, Dr. Sugarman filed a C-4 report. On December 12, 1974, the employer filed a notice controverting compensation and, on December 19, 1974, filed a C-2 form indicating no history of any injury. A hearing was held on January 29, 1975. Claimant was not represented by an attorney and did not call the employee named Gladys. At this hearing, it was determined that claimant did not sustain an accident arising out of and in the course of his employment. Claimant then retained an attorney and an application was made to reopen the claim on the grounds that claimant was not properly represented on the hearing, and that his injury had become aggravated. The case was reopened on July 9, 1975. At the hearing that followed, no additional testimony on the issues of the alleged accident was taken other than medical testimony to the effect that the injury was consistent with the accident described by claimant. On August 19, 1976, the referee awarded compensation finding that an accident had occurred as testified to by claimant. On January 26, 1977, the board reversed the determination of the referee stating: "On the basis of the credible evidence the claimant did not sustain an accidental injury arising out of and in the course of employment as alleged. No diagnosis was made of claimant's condition. The claimant claimed no industrial accident originally and did not report an occurrence at work to his foreman or first attending physician until months after the alleged occurrence. The claim of work connection appears to be an afterthought." The record indicates that only a minimum amount of effort was made to place the facts of claimant's case upon the record when he was not represented by counsel at the first hearing. The case was reopened, however, when claimant retained counsel, and there is no evidence that his counsel was prevented from examining the record or prevented from calling any witnesses to supplement the original record. Claimant was afforded a full opportunity to present his case and there is no basis supported by substantial evidence upon which this court can order a rehearing. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.